```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  STANLEY A. BOONE
    SHEILA K. OBERTO
 3  Assistant U.S. Attorneys
    4401 Federal Building
 4  2500 Tulare Street
    Fresno, California 93721
 5  Telephone: (559) 497-4000
    Facsimile: (559) 497-4099
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT FOR THE

 9                     EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    )   1:08-CR-00359 LJO
                                 )
12           Plaintiff,          )   APPLICATION FOR ORDER REGARDING
                                 )   CRIMINAL FORFEITURE OF PROPERTY
13       v.                      )   IN GOVERNMENT CUSTODY - 18 U.S.C.
                                 )   § 983(a)(3)(B)(ii)(II)
14  JUAN MIGUEL REYES-SOLANO,    )
    JOSE M. MATA and             )
15  MARIA BENITEZ,               )
                                 )
16           Defendants.         )
                                 )
17
```

18       The United States of America, through its counsel, hereby moves
19  for an order allowing the Government to maintain custody of property
20  already in the Government's possession pending the resolution of a
21  criminal forfeiture matter.  The grounds for the motion are as
22  follows:
23       On or about September 25, 2008, pursuant to a Federal Search
24  Warrant, agents with the United States Department of Labor seized
25  the following property for Federal Forfeiture proceedings:
26       a.)  Approximately $1,178.00 in U.S. Currency
27  Hereafter, the above-referenced asset is referred to as the "seized
28  asset."

                                    1

On October 2, 2008, the Grand Jury returned an indictment containing a forfeiture allegation that includes the seized asset. The indictment alleges that the seized asset is subject to forfeiture pursuant to 18 U.S.C. § §982(a)(2)(B), 981(a)(1)(c),and 28 U.S.C. § 2461(c).

Title 18 U.S.C. § 982(a)(2)(B) and Title 28 U.S.C. § 2461(c) incorporate the forfeiture procedures set forth in 21 U.S.C. § 853. That statute provides several methods for preserving property for the purpose of criminal forfeiture. One such provision authorizes a court upon the filing of an indictment charging an offense for which forfeiture may be ordered and alleging that specific property would, in the event of conviction, be subject to forfeiture to "take any other action to preserve the availability" of such property. *See* 21 U.S.C. § 853(e)(1)(A). Such restraining orders may be entered ex parte. And, in entering the order, the Court may rely on the grand jury's return of an indictment specifying that the property shall, upon conviction, be subject to forfeiture to the United States. *See, e.g., United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (initial issuance of restraining order under Section 853(e)(1)(A) may be ex parte and based on grand jury's finding of probable cause).

The government contends here that the "take any other action to preserve the availability" of property provision of Section 853(e)(1)(A) applies in circumstances where, as here, the government has already obtained lawful custody of the asset pursuant to a search incident to arrest, and the government seeks to continue to maintain custody of such asset pending further criminal forfeiture proceedings. Accordingly, pursuant to Section 853(e)(1)(A) of Title

21, the United States respectfully moves this court to issue an ex parte order based on the grand jury's finding of probable cause that directs the United States may maintain custody of the seized asset through the conclusion of the pending criminal case.

Dated: 11/21/08
McGREGOR W. SCOTT
United States Attorney


/s/ Stanley A. Boone
STANLEY A. BOONE
Assistant U.S. Attorney


**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the Government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the Government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the United States Department of Labor and/or the United States Postal Inspection Service, are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

a) Approximately $1,178.00 in U.S. Currency

IT IS SO ORDERED.

**Dated: November 21, 2008**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE